

FILED
FEB 24 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND CALIFORNIA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br>KELVIN ARNOLD,<br>　　　　　Defendant. | No. CR 07-00488 CW (LB)<br><br>REPORT AND RECOMMENDATION REGARDING DEFENDANT'S ADMISSION OF VIOLATIONS OF THE TERMS AND CONDITIONS OF HIS SUPERVISED RELEASE |

The magistrate court recommends to the district court that it accept the defendant's admissions to certain violations of the terms and conditions of his supervision as charged in the amended petition filed on December 16, 2009. Specifically, on February 24, 2010, the defendant admitted violations one, two, and four in the petition charging the defendant with leaving the Northern District of California without permission, submitting a urinalysis test which was presumptive positive for marijuana and cocaine, and failing to notify the probation officer within seventy-two hours of being arrested. The magistrate court makes the following findings:

1. On the hearing date set forth above, with the assistance of counsel, the defendant waived his right to admit the violations in district court and instead consented to admit the violations in a hearing in magistrate court. Specifically, the magistrate court advised him that he had a right to admit the violations in district court and that under 28 U.S.C. § 636(b) and Federal Rule of Criminal Procedure 59, he could waive that right and consent to admit the violations in a hearing in magistrate



court. The magistrate court also advised him that it would issue a written report recommending that the district court accept the admissions, that the district court would review the recommendation and decide whether to accept the admissions, and that the district court and not the magistrate court would sentence him. The magistrate court also advised him of the procedures (also set forth at the end of this order) for challenging the magistrate court's recommendation. The defendant then waived his right to proceed in district court and consented to the magistrate court's conducting the hearing regarding the admission of the supervised release violations.

2. The magistrate court then reviewed, and the defendant acknowledged that he understood, the following: (a) the nature of the charge and the maximum penalty he faced; (b) his rights under Federal Rule of Criminal Procedure 32.1(b)(2); (c) the district court, not the magistrate court, would conduct the sentencing; and (d) the parties' sentencing agreement was not binding on the district court.

3. After the advisements set forth in Rule 32.1(b)(2) and summarized here, the defendant waived his right to a Rule 32.1(b)(2) hearing and admitted the charges summarized above. The magistrate court found that he was fully competent and capable of admitting the charges in the petition, that he was aware of the nature of the charges and the consequences of admitting them, and that his admission and waiver of rights were knowing and voluntary. This court thus recommends to the district court that it accept the defendant's admissions.

4. Any party may serve and file specific written objections within fourteen days after being served with a copy of this order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Failure to file objections within the specified time may waive a party's right to review. *See* Fed. R. Crim. P. 59(b).

5. At the parties' request, this court set the matter for further proceedings before the district court on Wednesday, February 24, 2010, at 2 p.m.

IT IS SO RECOMMENDED.

Dated: February 24, 2010

LAUREL BEELER
United States Magistrate Judge

REPORT AND RECOMMENDATION
CR 07-00488-08 CW (LB)                    2